UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA E. BAUTISTA, | No. 2:20-cv-00107 AC |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff sought judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application benefits under the Social Security Act ("the Act"). Judgment was granted in plaintiff's favor on June 10, 2020. ECF No. 17. Now pending before the court is plaintiff's May 21, 2024 motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). ECF No. 20. Defendant filed a response (ECF No. 21) and does not oppose the fee request. For the reasons set forth below, the motion will be granted.

I. REASONABLENESS OF FEE REQUEST

At the outset of the representation, plaintiff and his counsel entered into a contingent-fee agreement. ECF No. 20-3. Pursuant to that agreement plaintiff's counsel now seeks attorney's fees in the net amount of $11,955.00 which represents less than 25% of the $75,000.00 in retroactive disability benefits received by plaintiff on remand. ECF No. 20-1. This fee is

requested for 19.7 hours of attorney time expended on this matter. ECF No. 20 at 2.

Attorneys are entitled to fees for cases in which they have successfully represented social security claimants:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." Crawford v. Astrue, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 802 (2002)). The goal of fee awards under § 406(b) is "'to protect claimants against "inordinately large fees" and also to ensure that attorneys representing successful claimants would not risk "nonpayment of [appropriate] fees."'" Parrish v. Comm'r of Soc. Sec. Admin., 698 F.3d 1215, 1217 (9th Cir. 2012) (quoting Gisbrecht, 535 U.S. at 805).

The 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee requested is reasonable. Gisbrecht, 535 U.S. at 808-09 ("406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements"). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. "[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" Crawford, 586 F.3d at 1149 (quoting Gisbrecht, 535 U.S. at 793, 808).

In determining whether the requested fee is reasonable, the court considers "'the character of the representation and the results achieved by the representative.'" Crawford, 586 F.3d at 1151 (quoting Gisbrecht, 535 U.S. at 808). In determining whether a reduction in the fee is warranted,

the court considers whether the attorney provided "substandard representation or delayed the case," or obtained "benefits that are not in proportion to the time spent on the case." Id. Finally, the court considers the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. Crawford, 586 F.3d at 1151-52 (citing Gisbrecht, 535 U.S. at 808); see also, E.D. Cal. R. 293(c)(1) (in fixing attorney's fees the court considers "the time and labor required"). Below, the court will consider these factors in assessing whether the fee requested by counsel in this case pursuant to 42 U.S.C. § 406(b) is reasonable.

Here, plaintiff's counsel is an experienced attorney who secured a successful result for plaintiff. There is no indication that a reduction of fees is warranted due to any substandard performance by counsel. There is also no evidence that plaintiff's counsel engaged in any dilatory conduct resulting in excessive delay. The court finds that the requested fee, which does not exceed 25% of the amount paid in past-due benefits paid to plaintiff, is not excessive in relation to the benefits awarded. In making this determination, the court recognizes the contingent fee nature of this case and counsel's assumption of the risk of going uncompensated in agreeing to represent plaintiff on such terms. See Crawford, 586 F.3d at 1152 ("[t]he attorneys assumed significant risk in accepting these cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases"). Finally, counsel has submitted a detailed billing statement in support of the requested fee. ECF No. 20-4.

Accordingly, for the reasons stated above, the court concludes that the fees sought by counsel pursuant to § 406(b) are reasonable.

## II. OFFSET FOR EAJA FEES

An award of § 406(b) fees must be offset by any prior award of attorney's fees granted under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796. Here, plaintiff's attorney was previously awarded $4,796.15 in EAJA fees. See ECF No. 19. Counsel therefore must remit that amount to plaintiff.

////

////

III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for attorney Fees under 42 U.S.C. § 406(b) (ECF No. 20), is GRANTED;

2. Counsel for plaintiff is awarded $11,955.00 in attorney's fees under § 406(b); the Commissioner shall certify that amount to be paid to counsel from the funds previously withheld for the payment of such fees; and

3. Counsel for plaintiff is directed to remit to plaintiff the amount of $4,796.15 for EAJA fees previously paid to counsel by the Commissioner.

DATED: June 14, 2024

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE